IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(MARTINSBURG DIVISION)

**LINDA V. MILLER, et al.**

Plaintiffs,

**v.**

CIVIL ACTION NO: 3:02-CV-42
(Judge W. Craig Broadwater)

**ERIC PRUNEDA, et al.**

Defendants.

## PLAINTIFF'S AMENDED MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff asks the court to compel the Defendant to file adequate responses to Plaintiff's discovery requests.

### A.  Introduction

1.  Plaintiff is Linda V. Miller; Defendant is Eric Pruneda.

2.  Plaintiff Miller sued Defendant Pruneda for negligent injury and breach of duty growing out of a vehicular collision.

3.  April 3, 2002, the complaint in the case was originally filed in State Court with Interrogatories and Requests for Production attached thereto for service by the West Virginia Secretary of State, which was accomplished.

4.  May 1, 2002, Defendant, pleading diversity, removed the case to Federal Court, where the Unfair Claims Settlement Practices Counts were bifurcated and stayed pending resolution of the underlying tort case.

5. June 14, 2002, Counsel for Plaintiff and Defendant Pruneda agreed Defendant's responses would be due July 18, 2002.  (Exhibit # 1; relevant section

highlighted)

6.  July 24, 2002, at Defendant Pruneda's request, Plaintiff granted an extension to July 31, 2002, for Defendant to respond to Plaintiff's Interrogatories and Requests for Production.  (Exhibit # 2)

7.  August 5, 2002, at Defendant Pruneda's request, Plaintiff further extended the time to August 21, 2002, for Defendant to respond to Plaintiff's Interrogatories and Requests for Production.  (Exhibit # 3)

8.  August 28, 2002, Defendant Pruneda served his responses to Plaintiff's Interrogatories and Requests for Production. (Exhibit # 4) Among these responses, Plaintiff objects to the following:

    a.  **Interrogatories:**

        31.  Identify all medical textbooks, articles, treatises or the like, including the title, author or co-author, the name and address of the publisher, and the edition of each, that you, your attorney or your expert witnesses will rely upon for the purpose of examination, cross examination or rebuttal of a witness, whether the witness is called on behalf of the plaintiffs or on behalf of the defendants. ANSWER: Objection.  This interrogatory seeks information subject to work-product and/or attorney client privilege.

Plaintiff also objects that Defendant Pruneda did not answer Plaintiff's Interrogatories himself, nor did he sign these answers under oath.

    b.  **Requests for Production**

        15.  Copies of any Motor Vehicle Records's reflecting your past

driving record.

RESPONSE: Objection.  This request is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding this objection, such records are unavailable at this time.

17.  Copies of all documents or writings which you contend support any contention that the collisions was the fault of any other person.

RESPONSE: Objection.  This request seeks information and documentation subject to work-product and attorney-client privilege.  Notwithstanding this objection, see attached Exhibit One.

9.  September 9, 2002, in a letter, Counsel for the Plaintiff expressed his objections to the Defendant's responses. (Exhibit # 5)

10.  September 27, 2002, in return for the extensions, Defendant agreed to extend the time for the Plaintiff to file any Motion to Compel under Local Rule 307 to October 23, 2002.  This agreement was memorialized in a Stipulated Order signed by Plaintiff's counsel and forwarded to Defendant Pruneda's counsel for filing with this Honorable Court. (Exhibit # 6)

11.  October 9, 2002, Counsel for both parties consulted by telephone in an attempt to resolve Plaintiff's objections to Defendant's responses, but were unable to do so. (Exhibit # 7; relevant section highlighted)

12.  October 16, 2002, Plaintiff noticed Defendant Pruneda's oral deposition for October 24, 2002 at 11:00 a.m. at his attorney's office. (Exhibit # 8) Defendant did not object to the notice.

## B.  Argument

13.  Defendant Pruneda's Answers to Plaintiff's Interrogatories were not signed under oath by Defendant Pruneda. Answers to Interrogatories must be signed by Defendant under oath as required by Federal Rule of Civil Procedure 33(b)(1), Rayman v. American Charter Fed. S&L Ass'n, 148 F.R.D. 647, 651 (D. Neb.1993).  Furthermore, if the party served with interrogatories is a natural person, the party should answer the interrogatories as required by Federal Rule of Civil Procedure 33(a), McDougall v. Dunn, 468 F.2d 468, 472 (4th Cir.1972).

14.  Defendant Pruneda's Counsel objects to Plaintiffs' Interrogatory number 31 on the grounds that this interrogatory seeks information subject to work-product and/or attorney client privilege. The information sought in number 31, is of the type that is generally used to bolster the credibility of Defendant's doctor on direct examination by demonstrating that some "learned treatise" supports the doctor's position, or to discredit the Plaintiff's doctor by showing that the treatise is contrary to Plaintiff's doctor's position. It is not work product, it is most certainly not Privilege, and the objecting party has failed to justify its objections. Leksi, Inc. v. Federal Ins. Co., 129 F.R.D. 99, 105 (D.N.J.1989) The burden is imposed on the objecting party, because the scope of discovery through interrogatories is limited only by relevance and burdensomeness, Federal Rule of Civil Procedure 26(b)(1), Rich v. Martin Marietta Corp., 522 F.2d 333, 343 (10th Cir.1975).  Defendant may not yet know what treatises he will use if any. However, he should be ordered to supplement his answers with those titles as soon as he knows and, any event, before Plaintiff deposes Defendant's Doctor.

15.  Defendant's response to Request number 17 presents Plaintiff with two

problems.

First, the "Written Interview Summary of interview with Eric Pruneda dated July 31, 2000", was made 25 days after the date of the collision which is the basis of this law suit, before either party had retained counsel.  This document was made by a party to his insurer in the ordinary course of the insurer's business, and it is not subject to the work-product or attorney-client privilege.  As such, it is discoverable. McDougall, Jr. v. Dunn, 468 F.2d, at 473.  Liability is at issue in this case, and Defendant may have made statements in his interview on July 31, 2000, which bear on this issue.

Second, Plaintiff is not able to determine whether, in the event defendant has or obtains information other than that which he agrees in his response to provide, he will hide it behind his objection or provide it in a supplemental response.

16.  Defendant's Response to Request number 15 presents Plaintiff with a different problem.  Without seeing Defendant Pruneda's driving record, as requested in Plaintiff's request number 15, it is impossible to determine whether it is relevant or might lead to admissible evidence.  Relevancy is to be more loosely construed at the discovery stage than at trial.  Leksi, Inc. v. Federal Ins Co., 129 F.R.D. at 104. Furthermore, a party may seek production of any document or tangible thing within the scope of Rule 26(b). Fed.R.Civ.P. 34(a)(1); Camden Iron & Metal, Inc. v. Marubeni Am. Corp., 138 F.R.D. 438, 441 (D. N.J.1991).  Rule 26(b) permits very broad discovery, encompassing any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Defendant's driving record could lead to a motion for leave to amend.

For the reasons stated in paragraph 14 and 15 above, Defendant Pruneda

should be ordered to justify, or remove these objections and provide the requested documents.

17. Defendant Pruneda did not appear for his deposition as noticed. (Exhibit # 8) For his failure to appear, Plaintiff requests the Court to prohibit his testimony at the trial of this matter.

### C.  Conclusion

18.  Because Plaintiff's requests are proper, the court should compel defendant to justify his objections and respond adequately as requested above.

**LINDA V. MILLER**
By Counsel

Jimmy L. Hill, Esquire
WVSB No. 7253
ROGER RITCHIE & PARTNERS, P.L.C.
158 Front Royal Pike, Suite 106
Winchester, VA 22602
Tel. (540) 722-6125
Fax (540) 722-0593
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Plaintiff's Amended Motion to

Compel and Memorandum in Support Thereof, along with the Exhibits referenced therein,

was provided by Federal Express Priority Overnight - Next Business Morning, this 30th day

of October, 2002 to:

William Prentice Young
Attorney At Law
P.O. Box 5580
Martinsburg, WV 25402,

and by, postage prepaid, First Class Mail to:

Christopher P. Bastien
Jeffrey W. Molenda
Bastien & Lacy, L.C.
P.O. Box 2151
Charleston, WV 25328
*Counsel for Defendants Calamitas*
*Ad Caduceumm, Inc. d/b/a Crittenden Adjustment*
*Company, and*
*Karen Selders*

Christopher K. Robertson
Jackson & Kelly, PLLC
P.O. Box 1068
Martinsburg, WV 25402
*Counsel for Defendants Calamitas*
*Ad Caduceumm, Inc. d/b/a Crittenden Adjustment*
*Company, and*
*Karen Selders*

Dale A. Buck
Martin & Seibert, PLLC
P.O. Box 1164
Martinsburg, WV 25402
*Counsel for Defendant State and County*
*Mutual Fire Insurance Company*

Jimmy L. Hill, Esquire   WVSB # 7253