IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


LINDA V. MILLER, et al.,

       Plaintiffs,

v.                                    Civil Action No. 3:02-CV-42

ERIC PRUNEDA, et al.,

       Defendants.


## MEMORANDUM OPINION and ORDER

On January 5, 2006, the undersigned ordered Defendants to file a detailed privilege log

for the documents that it deemed privileged by January 16, 2006.   On January 13, 2006,

Defendants sent a privilege log and the requested documents to the undersigned.


### 1.  Privilege Log Documents

**I.     File Documents of Sharonkaye Spoonemore**

Bates 0001-0003:     Previously decided (the Order of 11/5/04, No. 324-326).


Bates 0004-0008:     Privileged:

       i.      Bates 0004 (prepared in anticipation of litigation or for
              trial–protected by the work product doctrine);
      ii.     Bates 0005–0008: the portions in yellow (qualify under the
              attorney-client privilege because these portions are based on
              client's discussion with counsel for legal advice); the portions in
              pink (prepared in anticipation of litigation and, therefore, protected
              by the work product doctrine).

Bates 0009-0012:     Previously decided (the Order of 11/5/04, No. 158-162).

Bates 0013-0017:     Same documents as Bates 0004-0008; same rules.

Bates 0018:     Sharonkaye Spoonemore (author): not privileged (not prepared in

anticipation of litigation).

Bates 0018:          Leo Leonard, BRAC (author)–previously decided (the Order of 11/5/04,
                     No. 0143; also Judge Broadwater's Order dated 3/22/05).

Bates 0022-0023:     Privileged: the portions in yellow (qualify under the attorney-client
                     privilege because these portions are based on client's discussion with
                     counsel for legal advice); the portions in pink (prepared in anticipation of
                     litigation and, therefore, protected by the work product doctrine).


Bates 0024-0031:     Previously decided (the Order of 11/5/04, No. 0186-0191).

Bates 0032:          Roger Thibodeayz, ICH (author)–not privileged: not prepared in
                     anticipation of litigation**.**

Bates 0032:          Boris Biloskirka, BDL (author)

                     Privileged: the portions in yellow (qualify under the quasi attorney-client
                     privilege because these portions are based on client's discussion with
                     counsel for legal advice); the portions in pink (prepared in anticipation of
                     litigation and, therefore, protected by the work product doctrine).

Bates 0032-0033:     Roger Thibodeaux, ICH (author)--previously decided (the Order of
                     11/5/04, No. 264).

Bates 0033:          Boris Biloskirka, BDL (author)---previously decided (the Court Order of
                     11/5/04, No. 264).

Bates 0034:          Same as Bates 0032; same rules.

Bates 0034:          Same as Bates 0032; same rules.

Bates 0034-0035:     Same as Bates 0032-0033; same rules.

Bates 0035:          Boris Biloskirka, BDL (author)–previously decided (the Court Order of
                     11/5/04, No. 264).

Bates 0036:          Boris Biloskirka, BDL (author)

                     Privileged: this e-mail qualifies under the attorney-client privilege because
                     it is based on client's discussion with counsel for legal advice; it is also
                     prepared in anticipation of litigation and, therefore, protected by the work
                     product doctrine.

Bates 0036:          Dale Buck (author)

                     Privileged: this e-mail qualifies under the attorney-client privilege because
                     it is based on client's discussion with counsel for legal advice; it is also
                     prepared in anticipation of litigation and, therefore, protected by the work
                     product doctrine.

Bates 0036-0037:     Previously decided (the Court Order of 11/5/04, No. 272).

Bates 0038:          Previously decided (the Court Order of 11/5/04, No. 266).

Bates 0039:          Boris Biloskirka, BDL (author)–privileged because this e-mail was
                     prepared in anticipation of litigation and, therefore, protected by the work
                     product doctrine.

Bates 0039:          Roger Thibodeaux, ICH (author)—not privileged (an internal
                     communication not prepared in anticipation of litigation).

Bates 0039:          Roger Thibodeaux, ICH (author)—privileged because this e-mail was
                     prepared in anticipation of litigation and, therefore, protected by the work
                     product doctrine.

Bates 0039-0040:     William Young (author)

                     Privileged: the portions highlighted in yellow are protected by the quasi
                     attorney-client privilege because they are statements made by the attorney
                     in his capacity as legal adviser; the portions highlighted in pink were
                     written in anticipation of litigation and are, therefore, protected by the
                     work- product doctrine.

Bates 0041:          Roger Thibodeaux, ICH (author)–not privileged: not prepared in
                     anticipation of litigation.

Bates 0041:          Boris Biloskirka, BDL (author)

                     Privileged: 2nd paragraph, the portions beginning with "He also ..." and
                     highlighted in yellow (protected by the quasi attorney client privilege
                     because these statements are based on client's discussions with counsel for
                     legal advice); 2nd paragraph, the portions in pink (written in anticipation of
                     litigation and are, therefore, protected by the work- product doctrine).

                     Not privileged: the rest.

Bates 0042:        Roger Thibodeaux, ICH (author)–not privileged: not prepared in anticipation of litigation.

Bates 0042:        Sharonkaye Spoonemore (author)–not privileged: not prepared in anticipation of litigation.

Bates 0042:        Roger Thibodeaux, ICH (author)–privileged (written in anticipation of litigation and are, therefore, protected by the work- product doctrine).

Bates 0043:        Boris Biloskirka, BDL (author)

                   Privileged: the portions in yellow (protected by the attorney-client privileged because these statements are based on client's discussions with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0043:        Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0043:        Boris Biloskirka, BDL (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0043-0044:   Dale Buck (author): protected by the attorney client privilege because these are statements made by the attorney in his capacity as legal adviser.

Bates 0044:        Previously decided (the Court Order of 11/5/04, Nos. 269 and 272).

Bates 0045:        Not privileged (not prepared in anticipation of litigation).

Bates 0046:        Sharonkaye Spoonemore (author)–not privileged (not prepared in anticipation of litigation).

Bates 0046:        Roger Thibodeaux, ICH (author)–not privileged (not prepared in anticipation of litigation).

Bates 0046:        Sharonkaye Spoonemore (author)–not privileged (not prepared in anticipation of litigation).

Bates 0046:        Sharonkaye Spoonemore (author)–not privileged (not prepared in anticipation of litigation).

Bates 0047:        Sharonkaye Spoonemore (author)–not privileged (not prepared in anticipation of litigation).

| | |
|---|---|
| Bates 0047: | Roger Thibodeaux, ICH (author)–privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine). |
| Bates 0047-0048: | Previously decided (the Court Order of 11/5/04, No. 0144). |
| Bates 0049: | Boris Biloskirka, BDL (author)---not privileged (not prepared in anticipation of litigation). |
| Bates 0049: | Roger Thibodeaux, ICH (author)---not privileged (not prepared in anticipation of litigation). |
| Bates 0049: | Boris Biloskirka, BDL (author) |
| | Privileged: the portions in yellow (protected by the attorney-client privileged because these statements are based on client's discussions with counsel for legal advice; the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine). |
| Bates 0049-50: | Roger Thibodeaux, ICH (author)–the portions in yellow are protected by the attorney client privileged because the document is based on client's discussions with counsel for legal advice; the same portions in yellow would also qualify under the quasi attorney-client privilege. |
| Bates 0051: | Sharonkaye Spoonemore (author)–not privileged (relates to a different case); redact the words "and AB Farms." |
| Bates 0051: | Roger Thibodeaux, ICH (author)–not privileged (relates to a different case). |
| Bates 0051: | Paul and Marti Lemieux (author)–not privileged (relates to a different case). |
| Bates 0052: | Roger Thibodeaux, ICH (author)–privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine). |
| Bates 0052: | Sharonkaye Spoonemore (author)--not privileged (this is an internal communication not written in anticipation of litigation). |
| Bates 0052: | Roger Thibodeaux, ICH (author)--not privileged (this is an internal communication regarding an unrelated action). |
| Bates 0052: | Sharonkaye Spoonemore (author)–not privileged (this is an internal communication not written in anticipation of litigation). |
| Bates 0052: | Roger Thibodeaux, ICH (author)–not privileged (this is an internal |

communication not written in anticipation of litigation).

Bates 0052-0053:    Sharonkaye Spoonemore (author)–not privileged (this is an internal communication not written in anticipation of litigation).

Bates 0053:    Roger Thibodeaux, ICH (author)–not privileged (this is an internal communication not written in anticipation of litigation).

Bates 0053:    Dale Buck, Martin & Seibert–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0053:    Roger Thibodeaux, ICH (author)–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0053-0054:    Dale Buck, Martin & Seibert (author)–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0055:    Boris Biloskirka, BDL (author)–privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0055:    William Young (author)–not privileged (transmittal--the 1/8/03 report was not provided).

Bates 0055:    Boris Biloskirka, BDL (author)–not privileged (transmittal, complaint and request by a client)

Bates 0056:    Roger Thibodeaux, ICH (author)–only the portions in yellow are protected by the attorney client privilege because these statements are based on client's discussions with counsel for legal advice.

Bates 0056:    Boris Biloskirka, BDL (author)–not privileged (transmittal).

Bates 0056:    Bill Garmes (author)–not privileged (transmittal).

Bates 0057:    Roger Thibodeaux, ICH (author)–not privileged (transmittal).

Bates 0057:    Boris Biloskirka, BDL (author)–not privileged (transmittal).

Bates 0058:    Roger Thibodeaux, ICH (author)–not privileged (transmittal).

Bates 0058:    Boris Biloskirka, BDL (author)–protected by the attorney client privilege because these are statements based on client's discussions with counsel for legal advice.

Bates 0058:    Roger Thibodeaux, ICH (author)–not privileged (transmittal).

Bates 0058-0059:    Boris Biloskirka, BDL (author)–not privileged (scheduling letter, transmittal).

Bates 0060:    Sharonkaye Spoonemore (author)–not privileged (transmittal).

Bates 0060:    Roger Thibodeaux, ICH (author)–not privileged (transmittal).

Bates 0060:    Boris Biloskirka, BDL (author)–not including the forwarded e-mail from Dale Buck–not privileged (transmittal).

Bates 0060-0061:    Dale Buck (author)–the portions in yellow are protected by the attorney client privileged because these are statements made by the attorney in his capacity as legal advisor; the portions in pink are protected by the work product doctrine because they are statements made in anticipation of litigation.

Bates 0061:    Boris Biloskirka, BDL (author)–previously decided (the Court Order of 11/5/04, No. 272).

Bates 0062-0065:    Protected by the attorney client privilege because these are statements made by the attorney in his capacity as legal advisor.

Bates 0066-0067:    Protected by the attorney-client privileged because these statements are based on client's discussions with counsel for legal advice

Bates 0068:    Protected by the attorney client privilege because these are statements made by the attorney in his capacity as legal advisor.

Bates 0069:    Protected by the attorney client privilege because these are statements made by the client to his attorney in his capacity as legal adviser.

Bates 0070:    Not protected: scheduling letter (not prepared in anticipation of litigation; not giving or receiving legal advice).

Bates 0071:    Not privileged: letter of transmittal (not prepared in anticipation of litigation; not giving or receiving legal advice).

Bates 0072:    Not privileged: list of expert consultants (not prepared in anticipation of litigation; not giving or receiving legal advice).

Bates 0081-0082:    Previously decided (the Court Order of 11/5/04, Nos. 0149-0150).

Bates 0083:    Previously decided (the Court Order of 11/5/04, No. 0144).

Bates 0084:          Leo Leonard (author)–not privileged: letter of transmittal (not prepared in anticipation of litigation; not giving or receiving legal advice).

Bates 0084:          Roger Thibodeaux, ICH (author)–the portions in pink are privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0084:          Tom Bolton (author)–the portions in pink are privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0085:          Leo Leonard (author)–not privileged (transmittal); ("Def. Atty liab evaluation 1 21 05.doc" was not included)

Bates 0085-0086:     Leo Leonard (author)–the portions in pink are privileged (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0087-0088:     Previously decided (the Court Order of 11/5/04, Nos. 0142-0143; also Judge Broadwater's Order dated 3/22/05).

Bates 0089-0090:     Protected by the attorney client privilege because these are statements made by the client to his attorney in his capacity as legal adviser.

Bates 0090:          Protected by the attorney client privilege because these are statements made by the client to his attorney in his capacity as legal adviser.

Bates 0091:          Boris Biloskirka, BDL (author)–not privileged (not prepared in anticipation of litigation).

Bates 00091:         Roger Thibodeaux, ICH (author)–not privileged (not prepared in anticipation of litigation).

Bates 0091:          Boris Biloskirka, BDL (author)–1st sentence (protected by the attorney-client privileged because these statements are based on client's discussions with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0091-92:       Roger Thibodeaux, ICH (author)–the portions in yellow are protected by the attorney client privileged because the document is based on client's discussions with counsel for legal advice; the same portions in yellow would also qualify under the quasi attorney-client privilege.

Bates 0093: Sharonkaye Spoonemore (author)–not privileged (transmittal).

Bates 0093: Roger Thibodeaux, ICH (author)– prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0093: William Young (author)

Privileged: the portions highlighted in yellow are protected by the quasi attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine.

Bates 0094: Roger Thibodeaux, ICH (author)– not privileged (transmittal).

Bates 0094: Leo Leonard (author)–the portions highlighted in yellow are protected by the attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine.

Bates 0094-0095: Roger Thibodeaux, ICH (author)–the portions highlighted in yellow are protected by the attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine.

Bates 0096: Roger Thibodeaux, ICH (author)–not privileged (this is an internal communication not written in anticipation of litigation).

Bates 0096: Dale Buck, Martin & Seibert–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0096: Roger Thibodeaux, ICH (author)–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0096-0097: Dale Buck, Martin & Seibert (author)–not privileged (scheduling letter, not prepared in anticipation of litigation).

Bates 0098: Roger Thibodeaux, ICH (author)–not privileged (transmittal, not prepared in anticipation of litigation).

Bates 0098: Boris Biloskirka, BDL (author)–not privileged (transmittal, not prepared in anticipation of litigation).

Bates 0098:         Roger Thibodeaux, ICH (author)–not privileged (transmittal, not prepared in anticipation of litigation).

Bates 0099:         P. Gregory Haddad (author)–not privileged (transmittal, not prepared in anticipation of litigation).

Bates 0099:         Leo Leonard (author)–protected by the attorney client privilege because these are statements made by the client to his attorney in his capacity as legal adviser.

Bates 0100:         Sharonkaye Spoonemore (author)–not privileged (transmittal).

Bates 0100:         Kevin Stineman (author)–the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine.

Bates 0100-0102:    Sharonkaye Spoonemore (author)– the portions in yellow are protected by the attorney-client privilege because these portions are based on client's discussion with counsel for legal advice; the portions in pink are prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0103-0109:    P. Gregory Haddad (author)–protected by the attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser.

## II.    File Documents of Roger Thibodeaux

Bates 0001           Roger Thibodeaux, ICH (author)–the portions in yellow are protected by the attorney-client privilege because these portions are based on client's discussion with counsel for legal advice; the portions in pink are prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0002-0003      Previously decided (the Court Order of 11/5/04, Nos. 0142-0143; also Judge Broadwater's Order dated 3/22/05).

Bates 0005           Roger Thibodeaux, ICH (author)–previously decided (the Court Order of 11/5/04, No. 0156).

Bates 0005           Leo Leonard (author)–previously decided (the Court Order of 11/5/04, No. 0144).

Bates 0006-0009      Previously decided (the Court Order of 11/5/04, Nos. 0158-0163).

| | |
|---|---|
| Bates 0010-0012 | Previously decided (the Court Order of 11/5/04, Nos. 0149-0150). |
| Bates 0013 | Previously decided (the Court Order of 11/5/04, Nos. 0164-0165). |
| Bates 0014-0015 | William P. Young |

Not privileged: paragraphs 1 and 2; paragraph 10, sentence 1 and 6; paragraph 12 (not giving or receiving legal advice);

Privileged: the rest of the document (protected by the quasi attorney client privilege because they are statements made by the attorney in his capacity as legal adviser)**.**

| | |
|---|---|
| Bates 0016 | Boris Biloskirka (author)–protected by the attorney-client privilege because these portions are based on client's discussion with counsel for legal advice**.** |
| Bates 0016 | Dale Buck (author)–previously decided (the Court Order of 11/5/04, No. 0272). |
| Bates 0016-0017 | Boris Biloskirka (author)–previously decided (the Court Order of 11/5/04, No. 0272). |
| Bates 0018 | Boris Biloskirka (author)–previously decided (the Court Order of 11/5/04, No. 0266). |
| Bates 0019-0020 | William P. Young (author)–previously decided (the Court Order of 11/5/04, No. 0270). |
| Bates 0021 | Boris Biloskirka (author) |

Privileged: the portions in yellow (protected by the attorney-client privileged because these statements are based on client's discussions with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

| | |
|---|---|
| Bates 0021: | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0021: | Boris Biloskirka, BDL (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0021: | Dale Buck (author): protected by the attorney client privilege because |

these are statements made by the attorney in his capacity as legal adviser.

| | |
|---|---|
| Bates 0022 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0022 | Boris Biloskirka, BDL (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0022 | Dale Buck (author): protected by the attorney client privilege because these are statements made by the attorney in his capacity as legal adviser. |
| Bates 0022-0023 | Boris Biloskirka (author)–previously decided (the Court Order of 11/5/04, Nos. 0269 and 0272). |
| Bates 0024 | Boris Biloskirka (author)–Previously decided (the Court Order of 11/5/04, Nos. 0269 and 0272). |
| Bates 0025 | Roger Thibodeaux, ICH (author)–not privileged (transmittal). |
| Bates 0025 | Boris Biloskirka (author) |
| | Privileged: the portions in yellow (protected by the attorney-client privilege because these statements are based on client's discussions with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine). |
| Bates 0025 | Roger Thibodeaux, ICH (author) |
| | Privileged: the portions in yellow (protected by the attorney-client privilege because these statements are based on client's discussions with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine). |
| Bates 0026 | Roger Thibodeaux, ICH (author)–the portions in yellow are protected by the attorney client privilege because the document is based on client's discussions with counsel for legal advice; the same portions in yellow would also qualify under the quasi attorney-client privilege. |
| Bates 0027: | Roger Thibodeaux, ICH (author)– prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0027: | William Young (author) |
| | Privileged: the portions highlighted in yellow are protected by the quasi |

attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine.

| | |
|---|---|
| Bates 0028 | Boris Biloskirka (author)–the portions in pink are prepared in anticipation of litigation and, therefore, protected by the work product doctrine; 2nd paragraph beginning "I had a long conversation ..." ending "claim that Hill has" is protected by the quasi attorney-client privilege because they are statements based on client's discussions with counsel for legal advice. |
| Bates 0028 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0028 | William Young (author)<br><br>Privileged: the portions highlighted in yellow are protected by the quasi attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine. |
| Bates 0029 | Boris Biloskirka (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0029 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0029 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0029 | William Young (author)<br><br>Privileged: the portions highlighted in yellow are protected by the quasi attorney-client privilege because they are statements made by the attorney in his capacity as legal adviser; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine. |
| Bates 0030 | Boris Biloskirka–protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice |
| Bates 0030 | Dale Buck (author): protected by the attorney client privilege because |

these are statements made by the attorney in his capacity as legal adviser.

Bates 0030   Boris Biloskirka–protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice.

Bates 0031   Boris Biloskirka–protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice.

Bates 0032   Boris Biloskirka–protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice.

Bates 0032   Dale Buck (author): protected by the attorney client privilege because these are statements made by the attorney in his capacity as legal adviser.

Bates 0032   Boris Biloskirka (author)–protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice.

Bates 0035   Boris Biloskirka (author)–not protected (transmittal).

Bates 0035   William P. Young (author)–not protected (transmittal).

Bates 0035   Boris Biloskirka (author)–not protected (transmittal).

Bates 0035   William P. Young (author)–not protected (transmittal).

Bates 0035   Boris Biloskirka (author)–not protected (transmittal).

Bates 0035   William P. Young (author)–not protected (transmittal).

Bates 0036   Dale Buck (author)–not protected (transmittal).

Bates 0037   Roger Thibodeaux, ICH (author)–not protected (transmittal).

Bates 0037   Dale Buck (author)–not protected (transmittal).

Bates 0039   Roger Thibodeaux, ICH (author)–not protected (transmittal).

Bates 0039   William P. Young (author)–not protected (transmittal).

Bates 0039   Boris Biloskirka (author)–previously decided (the Court Order of 11/5/04,

No. 0176).

| | |
|---|---|
| Bates 0039 | William P. Young (author)–previously decided (the Court Order of 11/5/04, No. 0176). |
| Bates 0040 | Dale Buck (author)–not protected (transmittal). |
| Bates 0041-0046 | William P. Young (author)–previously decided (the Court Order of 11/5/04, No. 0186-0191). |
| Bates 0047 | Boris Biloskirka (author)–previously decided (the Court Order of 11/5/04, No. 0184). |
| Bates 0048 | Boris Biloskirka (author) |
| | Privileged: 2nd paragraph, the portions beginning with "He also ..." and highlighted in yellow (protected by the quasi attorney client privilege because these statements are based on client's discussions with counsel for legal advice); 2nd paragraph, the portions in pink (written in anticipation of litigation and are, therefore, protected by the work- product doctrine). |
| | Not privileged: the rest. |
| Bates 0049-0051 | Previously decided (the Court Order of 11/5/04, Nos. 0161-0163). |
| Bates 0052-0055 | Previously decided (the Court Order of 11/5/04, Nos. 0178-0181). |
| Bates 0057 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0057 | Boris Biloskirka (author)–the portions in yellow are protected by the attorney client privilege because the document is based on client's discussions with counsel for legal advice; the portions highlighted in pink were written in anticipation of litigation and are, therefore, protected by the work- product doctrine. |
| Bates 0057 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0057 | Boris Biloskirka (author)–the portions in yellow are protected by the attorney client privilege because the document is based on client's discussions with counsel for legal advice. |
| Bates 0058 | Boris Biloskirka (author) |

Not privileged:  1st paragraph (transmittal);
Privileged:  2nd paragraph beginning "We would ..." and 3rd paragraph beginning "I do think that if ..." (protected by the attorney-client privilege because these statements made in confidence to an attorney by his client for the purpose of seeking legal advice)**.**

| | |
|---|---|
| Bates 0059 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0059 | Boris Biloskirka (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0059 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0059 | Boris Biloskirka(author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0060 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0060 | Boris Biloskirka, BDL (author)–protected by the attorney client privilege because these are statements based on client's discussions with counsel for legal advice. |
| Bates 0060 | Roger Thibodeaux, ICH (author)–not privileged (transmittal). |
| Bates 0061 | Boris Biloskirka, BDL (author)–protected by the attorney client privilege because these are statements based on client's discussions with counsel for legal advice. |
| Bates 0061 | Roger Thibodeaux, ICH (author)–not privileged (transmittal). |
| Bates 0061 | Boris Biloskirka, BDL (author)–not privileged ( transmittal). |
| Bates 0062 | Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine. |
| Bates 0062 | Boris Biloskirka, BDL (author)–not privileged ( transmittal). |
| Bates 0062 | Roger Thibodeaux, ICH (author)–not privileged (transmittal). |
| Bates 0062 | Boris Biloskirka, BDL (author)–not privileged ( transmittal). |

Bates 0063    Roger Thibodeaux, ICH (author)–not privileged (transmittal).

Bates 0063    Boris Biloskirka, BDL (author)–not privileged ( transmittal).

Bates 0064    Boris Biloskirka, BDL (author)

       Privileged: the portions in yellow (qualify under the quasi attorney-client privilege because these portions are based on client's discussion with counsel for legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0064    Roger Thibodeaux, ICH (author)–previously decided (the Order of 11/5/04, No. 0264).

Bates 0064-0065  Boris Biloskirka, BDL (author)–previously decided (the Order of 11/5/04, No. 0264).

Bates 0066-0076  William P. Young (author)–previously decided (the Order of 11/5/04, Nos. 0202-0212).

Bates 0077    Roger Thibodeaux, ICH (author)—not privileged ( transmittal).

Bates 0077    William P. Young (author)–protected by the quasi attorney client privileged because these are statements made in confidence to a client by his attorney for the purpose of providing legal advice

Bates 0078-0081  William P. Young (author)–previously decided (the Order of 11/5/04, No. 0311-314).

Bates 0082    Boris Biloskirka, BDL (author)

       Privileged: the portions in yellow (qualify under the quasi attorney-client privilege because these are statements  made in confidence to an attorney by his client for the purpose of seeking legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0082-0083  William P. Young (author)–previously decided (the Order of 11/5/04, No. 0309).

Bates 0084    Boris Biloskirka, BDL (author)

       Privileged: the portions in yellow (qualify under the quasi attorney-client privilege because these are statements  made in confidence to an attorney

by his client for the purpose of seeking legal advice); the portions in pink (prepared in anticipation of litigation and, therefore, protected by the work product doctrine).

Bates 0085            Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0085            Boris Biloskirka, BDL (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0085            Roger Thibodeaux, ICH (author)–prepared in anticipation of litigation and, therefore, protected by the work product doctrine.

Bates 0085            Boris Biloskirka, BDL (author)–not protected (transmittal).

Bates 0086-0088       Boris Biloskirka, BDL (author)–previously decided (the Order of 11/5/04, Nos. 0324-0326).

## II. Decision

It is ORDERED that:

Defendant provide Plaintiffs with all documents listed above which are not privileged, not work product, not confidential or not protected within fourteen (14) days from the date of this order and file a notice with the court documenting its compliance.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: March 31, 2006


                                           /s/ James E. Seibert
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE